JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TREVARI MEDIA, LLC,
Plaintiff,
v.

LAURENT COLASSE,
Defendant.

Case No. 2:24-cv-01075-FLA (ASx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. 20]**

## RULING

Before the court is Defendant Laurent Colasse's ("Defendant") motion to dismiss the first amended complaint ("FAC") pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) (the "Motion"). Dkt. 20 ("Mot."). Plaintiff Trevari Media, LLC d/b/a Adventures With Purpose ("Plaintiff" or "AWP") opposes the Motion. Dkt. 24 ("Opp'n"). On May 10, 2024, the court found the Motion appropriate for resolution without oral argument and vacated the hearing set for May 17, 2024. Dkt. 31; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS the Motion and DISMISSES the FAC without leave to amend.

## BACKGROUND

This dispute arises from Plaintiff's purported infringement of Defendant's trade dress, Trade Design No. 4,461,245 (the "'245 Design"), for a "[s]pring-loaded glass-breaking device, registered on January 7, 2014:



Dkt. 3 ("FAC") ¶ 11; United States Patent and Trademark Office ("USPTO"), Trademark, TSDR, Trademark Search, Reg. No. 4,461,245 ("USPTO Reg. No. 4,461,245"), 1/11/2013 Drawing, https://tinyurl.com/245-Design (last visited 9/13/2024).[1] Plaintiff's "Emergency Escape Window Breaker" purportedly infringes the '245 Design:

[1] The court takes judicial notice of information relating to the '245 Design on the USPTO's website. *See* Fed. R. Evid. 201.




FAC, Ex. D at 2. Defendant sells a similar glass breaker through his company, Resqme. FAC ¶ 13.

On August 4, 2021, Defendant emailed Plaintiff, asserting Plaintiff's glass breaker infringed the '245 Design. FAC ¶ 17. Plaintiff responded the '245 Design was invalid because it was functional, and thus, could not be protected by trade dress rights. *Id.* ¶¶ 17–18. Defendant did not respond. *Id.* ¶ 19. Instead, on or around August 25, 2021, Defendant sent trade dress complaints to Facebook and Instagram, and, as a result, Facebook and Instagram removed posts which advertised Plaintiff's glass breaker. *Id.* The parties exchanged emails regarding the validity of the '245 Design but could not come to an agreement, which resulted in Plaintiff initiating cancellation proceedings against the '245 Design in the Trademark Trial and Appeal Board ("TTAB"). *Id.* ¶¶ 20–21. During the pendency of the TTAB proceedings, Defendant continued to cause Plaintiff's glass breaker product to be removed from various online sites including Shopify, Wordpress, Facebook, and Instagram, and also messaged Plaintiff's followers on Facebook and Instagram, claiming Plaintiff's glass breaker infringed the '245 Design. Opp'n at 4 (citing FAC ¶¶ 19, 24, 28, 37–40, 45, 69, 70); *see also* FAC, Exs. F–H (collecting messages sent by Defendant).

On November 16, 2023, the TTAB issued a 50-page decision cancelling the '245 Design. FAC ¶ 21; *id.*, Ex. E (TTAB Cancellation Order) at 50 (finding the '245 Design "is functional based on utilitarian considerations"). That decision is

currently being reviewed *de novo* in the Central District of California, Case No. 2:24-cv-01991-CBM (BFMx).

Plaintiff brought the instant action on March 21, 2024, claiming it was damaged by Defendant's complaints to the online stores and social media sites. *See, e.g.*, FAC ¶ 25 ("Defendant[]'s above actions as they pertain to the Shopify complaints had a devastating effect on [Plaintiff]'s business in that vital revenue from the sales of [Plaintiff's] competing glass breaker product were stopped."). Plaintiff asserts claims for trade libel, intentional interference with contractual relations, and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.* FAC ¶¶ 35–77. Defendant moves to dismiss all three claims for failure to state a claim upon which relief may be granted. *See* Mot.

## DISCUSSION

### I. Legal Standard

Under Rule 12(b)(6), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of the claims asserted in the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(citations and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and parentheticals omitted). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159. Legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The court need not accept as true allegations that contradict matters properly subject to judicial notice or established by exhibits attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

## II. <u>Trade Libel</u>

"Trade libel is an intentional disparagement of the quality of property which results in pecuniary damage to plaintiff." *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 984–85 (N.D. Cal. 2010) (citing *Hofmann Co. v. E.I. du Pont de Nemours & Co.*, 202 Cal. App. 3d 390, 397 (1988)); *see also Aetna Cas. & Surety Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988) ("Unlike classic defamation, [trade libel is] not directed at the plaintiff's personal reputation but rather at the goods a plaintiff sells or the character of his other business."); *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1010 (2001) ("The tort encompasses all false statements concerning the quality of services or product of a business which are intended to cause that business financial harm and in fact do so.") (citation omitted).

"To prove trade libel, a claimant must show (1) a statement that (2) was false, (3) disparaging, (4) published to others in writing, (5) induced others not to deal with it, and (6) caused special damages." *HGCI, Inc. v. Luxx Lighting, Inc.*, Case No. 19-cv-00570-PSG (KKx), 2020 WL 5913851, at *2 (C.D. Cal. Sept. 10, 2020) (internal quotation marks and citation omitted).

"To be actionable, the defamatory statement must be a false statement of fact; statements of opinion alone will not support a cause of action for trade libel." *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 981 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015) (citation omitted). "In most cases, whether a statement is fact or opinion is a question of law." *ComputerXpress*, 93 Cal. App. 4th at 1011.

To determine whether a statement is sufficiently factual to be actionable as libel, courts consider the totality of the circumstances and employ a three-part test: first, the court examines the statements in their broad context, analyzing their general tenor, their subject matter, the setting, and the format of the statements; second, the court examines the specific context and content of the statement, specifically analyzing the extent of figurative or hyperbolic language used and the reasonable expectations of the audience; and third, the court examines whether the statement is sufficiently factual to be susceptible of being proved true or false. *HGCI*, 2020 WL 5913851, at *3 (citing *Underwager v. Channel 9 Australia*, 69 F.3d 361, 366 (9th Cir. 1995); *see also de Cordova v. MCG Nevada, Inc.*, Case No. 11-cv-06114-RGK (RZx), 2011 WL 13221009, at *3 (C.D. Cal. Nov. 29, 2011) ("In drawing a line between statements of fact and statements of opinion, courts look at the totality of the circumstances in which the statement was made, including the tone of the comment, the context in which it was made, and the actual content. … Opinions are more likely to be generalized accusations, subjective comments, or other classical rhetorical hyperbole.") (cleaned up).

/ / /

### A. Fact vs. Opinion

Defendant argues Plaintiff fails to allege plausibly a false statement of fact. Mot. at 11. The court addresses each accused statement in turn. *See* FAC ¶¶ 36–48.

#### 1. April 13, 2022 Complaint from Defendant's Counsel to Shopify

First, Plaintiff claims the following statement—sent by Defendant's counsel[2] on April 13, 2022 to Shopify—was a false statement of fact:

> We hereby notify you that the following listing, by offering a counterfeited product, is infringing our client's intellectual property rights including its trademarks, patents and/or copyrights and/or reputation. Such unauthorized use of our client's rights under the aforementioned listings exploit the reputation and goodwill of Resqme and can have no effect but to cause a likelihood of confusion, deceive the public as to the affiliation, connection, and association of Resqme and its products with the mentioned listings, and to dilute and harm its associated goodwill. … As the internet service provider of this website, we kindly request that you disable the aforementioned listings. We are providing this notice in good faith and with Resqme's reasonable belief that its rights are being infringed. If you will not comply with our request, we reserve Resqme's rights to take whatever action considered appropriate to protect its rights."

FAC ¶ 37, Ex. G (emphases added) (paragraphing removed).

As an initial matter, it is unclear whether an assertion of intellectual property ("IP") infringement can ever be considered a provable "fact," at least before a tribunal determines finally whether the IP is valid and infringed. For example, in *Thimes Sols., Inc. v. TP-Link USA Corp.*, Case No. 2:19-cv-10374-SB (Ex), 2022 WL 17818334, at *4 (C.D. Cal. Nov. 3, 2022), *aff'd*, Case No. 22-56176, 2024 WL 1328194 (9th Cir. Mar. 28, 2024), there had been "no ruling from a court (or otherwise)" ascertaining whether a plaintiff's product infringed a defendant's

---

[2] The parties do not address whether Defendant can be liable for trade libel based on his attorney's statements. The court assumes for purposes of this Order that Defendant can.

trademark. 2022 WL 17818334, at *4. Plaintiff, thus, could not prove defendant's infringement complaint was "false as a matter of fact." *Id.* Similarly, in *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, Case No. 10-cv-05696-CRB, 2013 WL 3460707, at *5 (N.D. Cal. July 9, 2013), a defendant's statements "reflecting its belief" that a product infringed on its IP rights "*might be* provable as true or false after a lengthy jurisdiction-sensitive lawsuit[.]" (emphasis added). In *Tommy Bahama Grp., Inc. v. Sexton*, Case No. 07-cv-06360-EDL, 2009 WL 4673863, at *14 (N.D. Cal. Dec. 3, 2009), *aff'd*, 476 F. App'x 122 (9th Cir. 2012), an allegation of "potential trademark infringement" based on a "good faith belief" was not a "provably false statement of fact; it [was] a statement of opinion … *even if ultimately proven false*." (cleaned up) (emphasis added).

Here, Plaintiff contends Defendant always knew the '245 Design was invalid, or at least had serious doubt about its validity, as Defendant knew the '245 Design was based on a patent (thus suggesting it was functional), and because Plaintiff informed Defendant the '245 Design was invalid because it was functional. *See* FAC ¶ 42 ("[Defendant] has been on notice since as late as September 2021 that the '245 Design was invalid."); Opp'n at 1–3, 9. However, when the above statement was made, the USPTO had registered the '245 Design, which served as *prima facie* evidence of validity. *See Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) ("Although the plaintiff in a trademark action bears the ultimate burden of proof that his or her mark is valid, federal registration provides *prima facie* evidence of the mark's validity and entitles the plaintiff to a strong presumption that the mark is a protectable mark.") (cleaned up) (italicization added).

Given the legal complexity in determining IP validity and infringement, and in line with the above cited cases, the court finds the validity or infringement of IP only becomes a provable "fact" when a final, unappealable decision has been rendered. Thus, here, because the invalidity of the '245 Design is not a provable fact, as that

issue is currently being appealed, Defendant's statement relating thereto was a statement of opinion.

Moreover, the surrounding context further supports the statement was one of opinion, as the statement was asserted as a "reasonable belief" made in "good faith." FAC, Ex. G ("We are providing this notice in good faith and with Resqme's reasonable belief that its rights are being infringed."). *See HGCI*, 2020 WL 5913851, at *4 (statement that device infringed patent was an opinion where declarant "explicitly framed its statement about patent infringement in terms of *belief*") (emphasis in original); *Thimes*, 2022 WL 17818334, at *4.

Additionally, Defendant is a layperson, and his statement regarding complex legal issues can only reasonably be interpreted as an opinion. *See Considering Homeschooling v. Morningstar Educ. Network*, Case No. 06-cv-00615-CJC (ANx), 2008 WL 11413459, at *4 (C.D. Cal. Aug. 6, 2008) (citing *Coastal Abstract Serv., Inc. v. Firm Am. Title Ins. Co.*, 173 F.3d 725, 731–32 (9th Cir. 1999)) ("As laypeople, the [declarants'] statements regarding their exclusive ownership of the [] trademark and the [defendants'] alleged infringement of that mark were interpretations of trademark law that are opinion statements, not statements of fact.").

In sum, this statement is an unactionable opinion.

**2. July 7, 2022 Form Complaint to Shopify**

Next, Plaintiff claims the following statement—sent by Defendant on July 7, 2022, to Shopify using Shopify's standard "Trademark Infringement Notice Form"—was a false statement of fact:

> This AWP tool, featured in different places on their homepage site and linked in their shopping site, is repeatedly infringing the distinguished design of the American made resqme tool protected under the tradedress. I demand that all the pictures of this counterfeit featured in this site and its shopping link are immediately removed for good. … <u>I have a good faith belief</u> that use of the trademark as described above, in the manner I have complained of, is not authorized by the trademark owner, its agent, or the law. I swear,

> under penalty of perjury, that the information in the notification is accurate[.]

FAC ¶ 38, Ex. G (emphasis added).

This statement is an unactionable opinion for the same reasons set forth above—that is, the statement was made by a layperson regarding the unsettled questions of the ’245 Design’s validity and infringement and was asserted expressly as a “good faith belief.” *Id.* Further, in this context, where Shopify had a standard form for trademark infringement notices, and the form requires complainants to certify their “good faith belief,” Shopify appears to have understood the submissions to be opinions, not statements of fact. *See Thimes*, 2022 WL 17818334, at *4 (“In sum, [defendant]’s complaints contain unactionable opinion statements. The statements were made in the general context of an Amazon-hosted online form that invites complaints of commercial abuse. The complaints are directed solely to Amazon, and Amazon limits a complainant’s allegations to generic statements. The descriptions are legal in nature and must be supported by a good-faith belief[.]”).

**3. July 9, 2022 Emailed Complaint to Shopify**

Plaintiff claims the following statement—emailed to Shopify by Defendant two days after the above statement—was a false statement of fact:

> [I] confirm you that my trade dress 4,461,245 is still valid in US protecting the distinguished design shape of the resqme brand tool. The lawyer of [AWP] is declaring in his letter a false declaration by stating that my mark is invalid. Officially my design mark is still valid in USA until a trademark examiner stated differently. It is definitely not the case today. And therefore AWP is still infringing my Ips by featuring photos of this counterfeit tool & selling it online. … I insist and demand that [Shopify] stops displaying any photos of this counterfeit item … Affirmation: I have a <u>good faith belief that the use of the trademarks described above with the content described above are not authorized by the trademark owners or its agent, nor is such use otherwise permissible under law</u>.

FAC ¶ 39, Ex. G. This statement is an unactionable opinion for the same reasons set forth above.

#### 4. August 25, 2022 Form Complaint to Shopify

Plaintiff claims the following statement—sent by Defendant on August 25, 2022, to Shopify using Shopify's Trademark Infringement Notice Form— was a false statement of fact:

> It is a redundant issue that I demand Shopify not to allow that account feature any copycat product in their site any longer …. This keychain window breaker & seat belt cutter listed on his site is a <u>Chinese counterfeit</u> of the branded resqme tool made in USA protected by a tradedress with its 3 conic distinguished design. … This account keeps offering & selling it after many infringement reports notified to Shopify. … <u>I have a good faith belief that use of the trademark as described above, in the manner I have complained of, is not authorized by … the law</u>.

FAC ¶ 40, Ex. G (minor edits made for clarity) (emphases added).

This statement differs from the previous statements in that it accuses Plaintiff's glass breaker product to be a "Chinese counterfeit." Plaintiff argues the use of "counterfeit" was libeleous because it attacked the "quality" of the AWP device. FAC ¶ 24; Opp'n at 9. The court disagrees.

Defendant's use of the word "counterfeit" in this context was a statement of opinion as it merely implied AWP's product was inferior. *See de Cordova*, 2011 WL 13221009, at *3 (determining statements that a product was "inferior"; a "rip-off"; and "mediocre and overpriced," were opinions); *TYR Sport Inc. v. Warnaco Swimwear Inc.*, 679 F. Supp. 2d 1120, 1137 (C.D. Cal. 2009) ("[The declarant] stated that 'US Swimmers who were using another brand than Speedo had backed the wrong horse,' and swimmers not wearing Speedo suits 'are contracted to an inferior product.'" These statements are classic opinions.") (cleaned up); *Global Telemedia Intern., Inc. v. Doe 1*, 132 F. Supp. 2d 1261, 1267 (C.D. Cal. 2001) (statement that company is a "sinking ship" is opinion); *nSight, Inc. v. PeopleSoft, Inc.*, Case No. 04–

cv-03836, 2005 WL 1287553, at *1 (N.D. Cal. June 1, 2005) (dismissing as puffing false advertising claim that competitor's services were "inferior"). Moreover, the "quality" of a product is a subjective, qualitative measure that cannot be proven true or false. *See* Opp'n at 9.

Defendant's statement was otherwise effectively the same as his statement in his July 7, 2022, form complaint and, thus, for the same reasons, is unactionable opinion. *See supra* § II.A.2.

**5. September 19, 2022 Form Complaint to Shopify[3]**

Plaintiff claims the following statement—emailed to Shopify by Defendant two days after the above statement—was a false statement of fact:

> This AWP window breaker is a counterfeit of the American-made resqme tool. Plus this site is featuring some non-authorized [use] of copyright materials of 4 pictures and all the contents are even in violation of the 20 years of background of the original keychain car escape tool, made in USA, called resqme®, protected under a tradedress in US. … The Official trademark registration number is 4,461,245 consisting of the overall three-dimensional configuration of a spring-loaded glass-breaking device. … If you want to see the pictures of such a tool … please visit www.resqme.com. … Th[e] AWP window breaker is a Chinese counterfeit of the American-made resqme® tool. This site is also violating by using copyright materials without any authorization. This counterfeit and even its contents are misleading the public using the 20 years of experience of the resqme® brand. It is a <u>cheap low quality made copy from China</u>, also defaming the quality reputation of the resqme brand. This account is a repetitive infringer as it has deliberately created this site after having this counterfeit got removed from its main site www.adventureswithpurpose.com for trademark infringement by Shopify for your record. … <u>I have a good faith belief that use of the</u>

[3] Plaintiff alleges this statement was made on September 30, 2024, but it appears Defendant submitted the complaint on September 19, 2024, and Shopify forwarded it to Plaintiff on September 30, 2024. *See* Ex. H.

> trademark as described above is an infringement of the rights granted under United States and/or foreign trademark law."

FAC ¶ 45, Ex. H (emphases added).

This statement is an unactionable opinion for the reasons stated above. The only difference is the assertion that the AMP window breaker is a "cheap low quality made copy from China." *Id.* However, the terms "cheap" and "low quality" are subjective, qualitative terms which are incapable of being proven true or false.

**B. Conclusion**

Because the court has found as a matter of law all alleged libelous statements are unactionable, the court GRANTS the Motion as to Plaintiff's trade libel claim and DISMISSES this claim without leave to amend. The court, thus, need not address Defendant's other arguments challenging the sufficiency of Plaintiff's trade libel claim.

## III. Intentional Interference with Contractual Relations

Plaintiff concedes that, if the purported false statements of fact set forth above are "fully insulated from liability as 'opinion,' … then [this] cause of action [] fail[s]." Opp'n at 23. Because the court has so found, the court GRANTS the Motion as to Plaintiff's claim for intentional interference with contractual relations and DISMISSES this claim without leave to amend.

## IV. Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, *et seq.*)

Plaintiff concedes this claim "requires an underlying independently actionable cause of action," but argues this claim "does not entirely depend on the trade libel claim" as it "also includes Defendant's statements made to Meta (Facebook and Instagram) and AWP's customers." Opp'n at 24–25 (citing FAC ¶¶ 19, 25, 70 (2nd and 3rd bullet points), 74 (2nd bullet point)); *see also* FAC, Ex. C. The court, thus, analyzes these additional statements to determine whether they are actionable.

**A. August 25, 2021 Form Complaints to Facebook and Instagram**

The five statements accused here appear to be standard form complaints for trademark infringement that Facebook and Instagram offer. FAC ¶¶ 19, 70, Ex. C. For the same reasons discussed above regarding Defendant's form complaints to Shopify, these statements are unactionable opinions.

**B. September 25, 2021 Form Complaints to Facebook and Instagram**

Plaintiff alleges Defendant's messages to AWP's Facebook followers were false statements of fact. In particular, Defendant wrote:

- "did you know the real and original car escape tool made in USA, called resqme only cost $3 more per piece??";
- "Be aware, this tool from [AWP] is a Chinese counterfeit violating the actual trade dress of the original American-made tool called resqme, only sold at $9.95 online."; and
- "Hello, I read your comment to MrLeisek confirming you purchased 10 tools from him: I am sorry to tell you got fool! Please be aware they are a Chinese knock-off, of the American made resqme tool, certified, tested & manufactured in US by resqme, inc."

FAC ¶ 24a, Ex. F.

Plaintiff alleges these were "false statements related to the quality of AWP's competing glass breaker product." *Id.* ¶ 69. As previously stated, the "quality" of a product is a subjective, qualitative measure that cannot be proven true or false. *See supra* § II.A.4. Additionally, the statements were made in the Facebook and Instagram comments section, supporting the conclusion they were statements of opinion. *See de Cordova*, 2011 WL 13221009, at *4 ("[T]he statements were made in the comments section on product webpages which supports the conclusion that they are not serious factual comments, but rather statements of opinion.").

Lastly, Defendant's assertions of trademark infringement are statements of opinion for the reasons set forth above. *See supra* §§ II.A.1, II.A.2.

Accordingly, the court GRANTS the Motion as to Plaintiff's claim for unfair business practices and DISMISSES this claim without leave to amend.

**CONCLUSION**

For the foregoing reasons, the court GRANTS Defendants' Motion and DISMISSES the FAC without leave to amend. The clerk of court shall close the action administratively.

IT IS SO ORDERED.

Dated: December 3, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge